UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
BRYAN LUSTIG,

                Plaintiff,

  -against-

DANIEL RISIS,

                Defendant.
------------------------------------------------------------X

Case No.: 22-cv-00161

COMPLAINT

JURY TRIAL DEMANDED
(Related Case No. 2:20-cv-00379)

Plaintiff, BRYAN LUSTIG ("Plaintiff" or "Lustig"), by and through his attorneys, McLaughlin & Stern, LLP, alleges of DANIEL RISIS ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for retaliation pursuant to the Fair Labor Standards Act ("FLSA"), defamation and other applicable law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arose under the FLSA, 29 U.S.C. § 215 (a)(3).

3. This Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. § 1376(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

4. Venue is proper in this District because Defendant resides in this District, and a substantial part of the events giving rise to Plaintiff's claims set forth herein occurred in this District.

## PARTIES

5. Plaintiff Bryan Lustig is a citizen of New Jersey residing at 140 Oakridge Lane, Borough of Watchung, County of Somerset, State of New Jersey 07069. Plaintiff worked for Defendant as a Manager at Daniel Markus, Inc.'s Morristown, New Jersey pawn shop from in or around August 2016 to in or around May 2019. On January 10, 2020, Plaintiff filed an action in this federal district on behalf of himself and all others similarly situated, against Defendant and others, pursuant to the FLSA and New Jersey Wage & Hour Law ("NJWHL"), for unpaid wages for compensable time worked, misclassification and failure to pay overtime wages.[1]

6. Upon information and belief, Defendant Daniel Risis is an individual residing and engaging in business in this judicial district. Defendant is sued individually in his capacity as owner, officer, and/or agent of Daniel Markus, Inc., where Plaintiff was employed from in or around August 2016 until in or around May 2019.  Defendant possessed operational control over Daniel Markus, Inc., an ownership interest in Daniel Markus, Inc., and controlled significant functions of Daniel Markus, Inc. At all relevant times, Defendant was Plaintiff's employer, given his ownership and operational control of Daniel Markus, Inc., and as he determined the wages and compensation of the employees of Daniel Markus, Inc., including those of Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL BACKGROUND

7. Plaintiff currently has an action pending against Defendant in this District, Case No. 2:20-cv-00379-WJM-ESK, (hereinafter "*Lustig I*"), pursuant to the FLSA and the NJWHL, alleging that: 1) Plaintiff and all other similarly situated individuals were misclassified by

---

[1] *See generally* First Amended Complaint, Dkt. 35, Case No. 2:20-cv-00379-WJM-ESK (D.N.J. September 10, 2020).

Defendants as exempt from overtime pay and consequently Defendants failed to pay them at time and one-half their hourly rate for hours worked over forty (40) in a workweek and 2) Defendants failed to pay Plaintiff and all others similarly situated the required minimum wage and wages for all compensable time worked.

8. During the pendency of *Lustig I*, Defendant has engaged in improper and egregious retaliatory conduct, publicly defaming Plaintiff Bryan Lustig and his wife, and threatening class members through numerous bizarre YouTube videos as well as by contacting opt-in class members to threaten and intimidate them to drop their participation in *Lustig I*.

9. For instance, Defendant has taken to posting numerous YouTube videos attacking the Plaintiffs in *Lustig I*. One of the most recent and egregious of these videos was posted on November 30, 2021. *See* [If you take a swing at the Pawn King you better not miss... - YouTube](). In this video, Defendant falsely accuses Plaintiff Bryan Lustig of money laundering and fraud and accuses his wife, a prominent lawyer and well-respected member of the New Jersey bar, of engaging in some undefined and allegedly improper relationship with a local township – all of which are unsupported and patently false. *See id* at Minutes 1:58 – 8:12.

10. Importantly, at the end of the above-referenced YouTube video, Defendant threatens all employees, insofar as if they are part of *Lustig I* or an employee of his company, stating that he will get *all* their personal email and text communications. *See id* at minute 7:35. This is done in a clear threatening and retaliatory manner intended to scare current opt-ins and stymie future participation in the pending case.

11. Similarly, in the YouTube video posted by Defendant on December 21, 2021, titled [The Crossing Guard](), he falsely accuses Plaintiff Bryan Lustig of being a "multiple felon" and falsely claims that he is a money launderer "in conjunction with his wife." *See id*. at 5:29 – 5:37.

12. Upon information and belief, since the filing of *Lustig I*, Defendant has and continues to post a number of other YouTube videos in which he makes similar defamatory claims about Plaintiff Lustig and his wife, in retaliation for the ongoing litigation which evidences Defendant's improper and abusive payroll practices.

13. Moreover, Defendant has and continues to improperly contact *Lustig I* opt-in Plaintiffs, along with a known violent ex-convict, Jimmy Cooper, in an attempt to harass, intimidate and chill opt-in participation. This behavior started as early as February 2021 and was brought to the attention of counsel that represented Defendant in *Lustig I* at that time. These improper communications continue to date, and have succeeded in their intended chilling effect, as many of the *Lustig I* witnesses are now fearful of further retaliation or violence if they come forward.

## COUNT I
### FLSA Retaliation

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Defendant retaliated against Plaintiff for engaging in "protected activity" – specifically, Plaintiff's filing and prosecution of *Lustig I*, which evidenced Defendant's improper and abusive payroll practices – in violation of the FLSA.

16. Plaintiff's participation in the protected activity was a substantial factor (and likely the only factor) in prompting the retaliatory actions set forth herein, as evidenced by the temporal proximity of the defamatory YouTube videos to the filing of *Lustig I*. In fact, Defendant began making defamatory comments about Plaintiff and his family in his YouTube videos shortly after the filing of *Lustig I*.

17. Plaintiff has suffered damages as a direct result of Defendant's retaliatory conduct.

18. Further Plaintiff is entitled to punitive damages, given the egregious nature of Defendant's retaliatory conduct, which constituted intentional wrongdoings which showed wanton and willful disregard for the rights of Plaintiff.

### COUNT II
### Defamation (Libel/Slander)

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. All of the statements referenced above, made through YouTube videos produced and published by Defendant, were made specifically about Plaintiff Lustig and his wife, and mentioned them by name.

21. The statements above which were made by Defendant as outlined herein are false and defamatory as a matter of law.

22. The statements referenced above falsely accuse Plaintiff and his wife of committing one or more crimes and falsely impugns Mrs. Lustig's fitness to practice law.

23. At the time that Defendant made the above-referenced statements, he knew that the statements were false.

24. Defendant recklessly disregarded the falsity of the statements.

25. Defendant published the false and defamatory statements on several of his YouTube pages, all of which are readily accessible and were viewed by the general public.

26. Defendant's conduct shows actual malice on his part.

27. Plaintiff has suffered actual damages as a direct and proximate result of those defamatory statements.

28. As a result of Defendant's reckless, deliberate, willful and wanton tortious acts, Plaintiff and his wife have been subjected to both public and private ridicule, shame, humiliation,

loss of contractual relations, loss of employment, loss of earnings and/or additional monetary damages, and great mental anguish that will continue to be endured for an indefinite time into the future, all to Plaintiff's great detriment and loss.

## COUNT III
### Intentional Infliction of Emotional Distress

29. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

30. Defendant is liable to Plaintiff because he engaged in extreme and outrageous conduct, as set forth herein, intentionally and/or recklessly to cause Plaintiff severe emotional distress.

31. Defendant's actions were so outrageous and so extreme in degree as to go outside the bounds of decency, because he knew the statements were false and would ruin the reputation of Plaintiff and his family in the business and legal communities.

32. Defendant's actions were outrageous and shock the conscience because they were personal, malicious and retaliatory and his conduct was extreme and outrageous, intentional and/or reckless and it caused Plaintiff to suffer severe emotional distress so severe that no reasonable person could be expected to endure it.

## COUNT IV
### Injunctive Relief

33. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

34. Plaintiff hereby requests that the Court issue a restraining order prohibiting any Defendant from contacting any class member of *Lustig I* and specifically directing Defendant to cease any and all future commentary about *Lustig I*, its participants and their family members on any public or private social media or other platforms.

35. Should the Court not issue the requested injunctive relief, Plaintiff will continue to suffer irreparable harm to his reputation and business dealings as well as those of his immediate family and to Plaintiff's ability to exercise his rights to seek redress under the FLSA for Defendant's payroll violations without the fear of reprisal or being subjected to retaliation and defamation as a consequence.

36. Further, Defendant's improper attempts to intimidate current and former employees from opting-in to this lawsuit have caused and will continue to cause Plaintiff Lustig and opt-in Plaintiffs irreparable harm. Plaintiff will be unable to represent the interests of the Class in *Lustig I* if potential plaintiffs are prevented from opting into *Lustig I* for fear of retaliation or reprisals by the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment in his favor against Defendant for the following relief:

    a. Relief sought for each Count referenced herein;

    b. Compensatory damages as available as a matter of law;

    c. Liquidated damages as available as a matter of law;

    d. Punitive damages as available as a matter of law;

    e. Any statutory enhancements available as a matter of law;

    f. Costs, disbursements and attorney's fees as available as a matter of law;

    g. Injunctive relief as requested herein; and

    h. Such other and further relief as this Court deems just and proper.

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's claims set forth herein, including, but not limited to, electronic data

storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries and videos posted on social networking sites (including, but not limited to, YouTube, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated: New York, New York
       January 12, 2022

                                    McLAUGHLIN & STERN, LLP

                                    By: */s/ Chester R. Ostrowski*
                                          Chester R. Ostrowski
                                    100 Walnut Avenue, Suite 210
                                    Clark, New Jersey 07066
                                    Tel.: (212) 448-1100
                                    costrowski@mclaughlinstern.com

                                    Brett R. Gallaway *
                                    260 Madison Avenue
                                    New York, New York 10016
                                    Tel.: (212) 448-1100
                                    bgallaway@mclaughlinstern.com
                                    * *Pro Hac Vice* Admission Anticipated

                                    *Attorneys for Plaintiff*