UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRYAN LUSTIG,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**DANIEL RISIS,**<br><br>       **Defendant.** | Civ. No. 2:22-cv-161 (WJM)<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.**

    **THIS MATTER** having come before the Court upon Plaintiff Bryan Lustig's ("Plaintiff") Motion for an Order to Show Cause with Temporary Restraints, ECF Nos. 5-8, against his former employer, Defendant Daniel Risis ("Defendant"), pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1; and

    **WHEREAS** Plaintiff alleges that throughout the pendency of a separate collective action against Defendant pending before this Court, *Lustig v. Daniel Markus, Inc. et al.*, No. 2:20-cv-379 (WJM) (ESK) (hereinafter "*Lustig I*"), filed pursuant to the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"), Defendant "has engaged in improper and egregious retaliatory conduct, publicly defaming [Plaintiff] and his wife, and threatening class members through numerous bizarre YouTube videos[,] as well as by contacting opt-in class members to threaten and intimidate them to drop their participation in *Lustig I*." Compl. ¶ 8, ECF No. 1. Specifically, Plaintiff alleges that in YouTube videos posted by Defendant on November 30, 2021, and December 21, 2021, Defendant falsely accuses Plaintiff of "being a multiple felon" engaged in money laundering and fraud; falsely accuses Plaintiff's wife, a lawyer and member of the New Jersey bar, "of engaging in some undefined and allegedly improper relationship with a local township;" and threatens his own employees, insofar as they are involved in *Lustig I*, by "stating that he will get all their personal email and text communications." *Id.* at ¶¶ 9-11. Plaintiff further alleges that since January of 2021, Defendant "continues to improperly contact *Lustig I* opt-in Plaintiffs, along with a known violent ex-convict, Jimmy Cooper, in an attempt to harass, intimidate and chill opt-in participation." *Id.* at ¶ 13. Plaintiff claims "many of the *Lustig I* witnesses are now fearful of further retaliation or violence if they come forward." *Id.*; Ex. A to Gallaway Decl., ECF No. 7; and

    **WHEREAS** based on the above allegations, Plaintiff filed the Complaint in this matter on January 12, 2022, seeking damages and injunctive relief against Defendant for retaliation

in violation of FLSA, defamation, and intentional infliction of emotional distress. *Id.* at ¶¶ 14-46. Although the Complaint details alleged conduct directed at Plaintiff's wife and *Lustig I* opt-in plaintiffs, they are not parties to this civil action; and

**WHEREAS**, on February 7, 2022, Plaintiff filed the present motion requesting a temporary restraining order and preliminary injunction restraining Defendant from "posting, publishing, disseminating and/or broadcasting videos on any social media platform" which mention or make reference to Plaintiff, his wife, his counsel, *Lustig I* opt-in plaintiffs, this civil action, and the related *Lustig I* action. Pl. Br. at 1, ECF No. 5. Plaintiff also seeks to restrain Defendant from contacting any opt-in plaintiffs participating in *Lustig I*. *Id.* Plaintiff's motion details additional alleged conduct by Defendant that occurred after Plaintiff filed the Complaint, including that Defendant allegedly posted YouTube videos on January 13, 2022, and January 27, 2022, in which Defendant "plays a game of hangman using *Lustig I* opt-in plaintiff Harris Palmer's name"; falsely accuses Harris Palmer ("Palmer") of counterfeiting and stealing Defendant's business; admits that he has created a website entitled HarrisPalmer.com to which he will upload concerning and inaccurate information about Palmer; and falsely accuses Plaintiff of, among other things, cheating on this wife. *Id.* at 3-4. While Plaintiff states Defendant has deleted from his YouTube channels some or all of the videos referenced herein, Plaintiff believes the deletion is only temporary, and that Defendant will republish the videos and produce new ones with similar content in the future. *Id.* at 4. Plaintiff claims that in a YouTube video posted by Defendant on February 2, 2022, Defendant asserts that, "[the videos] are going to be down until I decide to put them back up. This is a complete choice" and that "all the videos will come back even the ones that people did not like." *Id.*; and

**WHEREAS** "[i]njunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). A plaintiff seeking a temporary restraining order or preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Wurth USA, Inc. v. Thompson*, No. 21-19877, 2021 WL 5866899, at *1 (D.N.J. Dec. 10, 2021). Notably, "[a] plaintiff must establish more than a risk of irreparable injury. He must demonstrate a clear showing of *immediate* irreparable injury." *Perez v. Pena*, No. 20-9023, 2020 WL 4040841, at *2 (D.N.J. July 17, 2020) (quoting *Ajjahnon v. U.S. Postal Serv.*, No. 08-4123, 2008 WL 4508327, at *1 (D.N.J. Sept. 30, 2008)) (emphasis added); *see also McKinsey & Co., Inc. U.S. v. Shi*, No. 19-20098, 2019 WL 6117738, at *1 (D.N.J. Nov. 15, 2019). A plaintiff's failure to establish such irreparable harm, or establish any of the aforementioned factors in his favor, renders a temporary restraining order or preliminary injunction inappropriate. *McKinsey & Co., Inc. U.S.*, 2019 WL 6117738, at *1; and

**WHEREAS** the Court finds that Plaintiff fails to meet his burden of making a clear showing of immediate irreparable harm. Plaintiff contends that "[e]very day that the offending material remains on the internet and continues to grow, Plaintiff, his wife and *Lustig I* opt-in plaintiffs continue to be subjected to both public and private ridicule, shame, humiliation, loss of contractual relations, loss of employment, loss of earnings and/or additional monetary damages, and great mental anguish."[1] Pl. Br. at 9, ECF No. 5. But Plaintiff concedes Defendant has deleted from his YouTube channels some or all of the videos at issue. *Id.* at 4. With the videos having been removed, the Court cannot find that Plaintiff's alleged irreparable harm is currently emergent, such that he is entitled to the extraordinary relief of temporary restraints at this juncture; and

**WHEREAS** Plaintiff also contends that Defendant's alleged conduct infringes upon "Plaintiff's right and ability to represent the interests of opt-in plaintiffs in *Lustig I*, without fear of retaliation or reprisals." *Id.* at 5. To the extent Plaintiff is describing the harm flowing from Defendant's alleged attempts to harass, intimidate, and chill opt-in participation, Plaintiff has been aware of this particular conduct for at least one year, since January of 2021, and brought it to the attention of Defendant's prior counsel in both January and February of that year. *See* Gallaway Decl. ¶¶ 7-8, ECF No. 7; Ex. A to Gallaway Decl., ECF No. 7. These allegations are indeed troubling, but Plaintiff fails to demonstrate how the alleged irreparable harm—after all this time—is currently emergent and entitles him to the extraordinary relief of temporary restraints. *See McKinsey & Co., Inc. U.S.*, 2019 WL 6117738, at *2 (finding plaintiff failed to demonstrate it was entitled to immediate injunctive relief where plaintiff argued it would suffer irreparable harm from the loss of a trade secret, but defendant had already been in the position to misappropriate plaintiff's trade secrets for at least fifteen months). Furthermore, the most appropriate forum in which to raise issues of improper contact between Defendant and the *Lustig I* opt-in plaintiffs is the *Lustig I* collective action, not the present civil action concerning Plaintiff's individual claims against Defendant;

Accordingly, **IT IS** on this 9th day of February 2022,

**ORDERED** that Plaintiff's Motion for an Order to Show Cause with Temporary Restraints, ECF No. 5, is **DENIED**. The Court will not issue a temporary restraining order or preliminary injunction, and this matter shall proceed in the normal course.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 9, 2022**

---

[1] As previously noted, neither Plaintiff's wife nor any of the *Lustig I* opt-in plaintiffs are plaintiffs in this action. It is, therefore, not abundantly clear that Plaintiff has standing to seek any relief on their behalf.